IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Donald A. Sherlock, | : | Case No. 3:04 CV 07758 |
| Plaintiff, | : | |
| vs. | : | |
| FirstEnergy Corporation, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendant. | | |

This employment discrimination case, filed pursuant to 29 U.S.C. § 621 *et. seq.*, has been referred to the undersigned Magistrate for report and recommendation. Pending is Defendant's Motion to Dismiss (Docket No. 6) to which Plaintiff filed an Opposition (Docket No. 8), Defendant filed a Reply (Docket No. 9) and Defendant's Additional Authority (Docket No. 10). For the reasons that follow, the Magistrate recommends that the Motion to Dismiss be denied.

### *FACTUAL BACKGROUND*

Plaintiff, a resident of Toledo, Ohio, was employed by Defendant First Energy Corporation (Docket No. 1). Plaintiff claims that on August 3, 1998, he was assigned to a Traveling Maintenance

Assistant position (Docket No. 1). Such reassignment allowed younger co-workers with less company seniority to accrue seniority in higher paying jobs (Docket No. 1).

Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging a violation of the Age Discrimination in Employment Act (ADEA), 29 U. S. C. § 621 *et. seq.* (Docket No. 1, Notice of Right to Sue). After investigation, the EEOC found reasonable cause to believe that a violation of the statute(s) occurred with respect to some or all of the matters alleged in the charge (Docket No. 1, Notice of the Right to Sue). The EEOC was unsuccessful in obtaining a conciliation between Plaintiff and Defendant and issued a Notice of Right to Sue letter on September 9, 2004 (Docket No. 1, Notice of the Right to Sue).

On December 9, 2005, Plaintiff filed this case seeking a finding that Defendant is "guilty" of discriminating against him based on age. Plaintiff also seeks an award of back pay, travel allotments, contributions to his 401k and retirement plans, and any other monetary loss that he incurred since the alleged discrimination occurred (Docket No. 1). Defendant filed a Motion to Dismiss for the reason that the Plaintiff has failed to state a claim upon which relief can be granted (Docket No. 6).

### *MOTION TO DISMISS STANDARD*

A motion to dismiss a complaint for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Conley v. Gibson*, 78 S. Ct. 99, 101-102 (1957). A Rule 12(b) motion to dismiss tests whether the complaint gives a "short and plain statement of the claim" required by Rule 8(a) that would give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* at 102.

When reviewing the complaint, the court performs a limited inquiry and even if on the face of the pleadings it appears that recovery is remote or unlikely, the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 94 S. Ct. 1683, 1686 (1974). The court must accept as true all factual allegations in the complaint. *Id.*; *Leatherman v. Tarrant County Narcotics Unit*, 113 S. Ct. 1160, 1161 (1993), *United States v. Gaubert*, 111 S. Ct. 1267, 1270 (1991). The allegations must be construed favorably to the pleader. *Scheuer*, 94 S. Ct. at 1686. Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss. *Weiner v. Klaus and Company*, 108 F.3d 86, 89 (6th Cir.1997). Any written instrument which is an exhibit to a pleading is a part thereof for all purposes. FED. R. CIV. P. 10(c).

## ***DISCUSSION***

Defendant argues that Plaintiff's Complaint was untimely filed. In the alternative, Defendant claims that even if the Court construes the Complaint in the light most favorable to the Plaintiff, the Defendant argues that the Complaint is replete with unwarranted inferences and uncorroborated legal conclusions. In effect, the Complaint lacks sufficient information from which the Court can establish Plaintiff's entitlement to the protections of the ADEA. Plaintiff contends that he has a valid claim since the EEOC found the Defendant "guilty of violating the ADEA."

The threshold issue is whether Plaintiff exhausted his administrative remedies by following the procedures outlined in the ADEA. The purpose of the ADEA is to prohibit arbitrary age discrimination against persons 40 years and older. 29 U.S.C. §§ 621(b) and 631(a) (2005). In order to invoke protection under this Act, the employee must file a complaint with the EEOC within 180 days of the alleged unlawful practice. 29 U.S.C. § 626(d)(1) (2005). The EEOC uses conciliation after an investigation to

eliminate any alleged unlawful practice. *Id.* If such proceedings are otherwise terminated by the EEOC or the other party and the EEOC chooses not to file suit, then the EEOC notifies the aggrieved person. *Id.* A civil action may be filed by the aggrieved person within ninety days after receipt of the Notice of Right to Sue notice from the EEOC. 29 U.S.C. § 626(e) (2005).

The EEOC sent a Notice of Right to Sue on September 9, 2004, advising Plaintiff that conciliation efforts with the Defendant failed and the EEOC was choosing not to bring suit. Plaintiff filed his Complaint in this Court on December 9, 2004, within the ninety days required by the ADEA (Docket No. 1). The Magistrate finds that Plaintiff's claim in this Court was timely filed.

Next, the Magistrate must determine if Plaintiff's Complaint states a claim for which this Court can grant relief. Defendant argues that since Plaintiff failed to plead the age of those younger co-workers who replaced him, he is not subject to the protection of the ADEA[1]. Specifically the younger workers who replaced Plaintiff must be six years or younger[2].

A plaintiff need not plead a prima facie case in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N. A.* 122 S. Ct. 992, 999 (2002). A prima facie case is an evidentiary standard, not a pleading standard. *Id.* The complaint and other relief-claiming pleadings need not state with precision all of the elements that are necessary to give rise to a legal basis for recovery. *Id.* To survive a motion to

---

[1] A plaintiff makes a prima facie case of age discrimination by demonstrating the following: (1) he or she was at least 40 years of age at the time of the alleged discrimination ("a member of a protected class"); (2) he or she was subjected to adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by a younger person. *Cooley v. Carmike Cinemas*, 25 F.3d 1325, 1329 (6th Cir. 1994) (*citing Lilley v. BTM Corporation*, 958 F.2d 746, 752 (6th Cir. 1992) *cert. denied*, 113 S. Ct. 376 (1992)).

[2] Members of an unprotected class as defined in the Act must be "significantly younger" employees. *Grosjean v. FirstEnergy Corporation*, 349 F.3d 332, 340 (6th Cir. 2003) *cert. denied*, 124 S. Ct. 2069 (2004)). An employee is considered "significantly younger' if there is a difference in age of six or more years. *Id.*

dismiss under FED. R. CIV. P. 12 (b) (6), a complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Performance Contracting v. Seaboard Surety Company*, 163 F.3d 366, 369 (6th Cir. 1998) (*citing In re DeLorean Motor Company*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

In the present case, the Magistrate finds that Plaintiff's Complaint is sufficient to provide Defendant with fair notice of Plaintiff's claim that he was discriminated against because of his age. The Magistrate is unpersuaded that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Although the case may eventually prove unsuccessful, Plaintiff has at least met the notice requirements at this stage of the litigation sufficient to withstand the Rule 12(b) motion to dismiss.

Finally, Defendant seeks an order that limits the admissibility of the EEOC Notice of Right to Sue letter. Defendant concedes that the elements of Rule 10(c) have been fulfilled and the written instrument prepared by the EEOC is considered part of the pleadings; however, such pleading is admissible for the limited purpose of establishing a timely compliance with ADEA filing requirements. Defendant argues, however, that the Notice of Right to Sue letter is inadmissible to establish Plaintiff's prima facie case of age discrimination. Defendant requests that the Court adopt the *Williams* line of reasoning and exclude from the Motion to Dismiss determination, the results of the EEOC determination.

The *Williams'* plaintiff failed to proffer any basis for offering the EEOC's determination other than to prove probable cause. *Williams v. Nashville Network*, 132 F.3d 1123, 1128 (6th Cir. 1997). The court excluded the EEOC's determination on the basis that the prejudicial effect outweighed its probative value. *Id.* The EEOC's probable cause determination, though not dispositive, lends itself to authenticate the existence of a legal claim and to show that the claimant did not pursue such claim of discrimination in

bad faith. *In re Ruben*, 825 F.2d 977, 986 (6th Cir. 1987) *cert. denied*, 108 S. Ct. 1108 (1988) (*citing Mitchell v. Office of the Los Angeles County Superintendent of Schools*, 805 F.2d 844, 847 (9th Cir. 1986) *cert. denied*, 108 S. Ct. 168 (1987)).

Defendant attaches as support for its Motion to Dismiss the decision in *Gable v. FirstEnergy Corp.*, Case No. 3:04CV7757 (Docket No. 10-2). In that case, Defendant filed a Motion to Dismiss an ADEA claim on administrative grounds and for failure to state a claim upon which relief could be granted (Case No. 3:04CV7757, Docket No. 8). The Plaintiff in *Gable* did not attach the actual Notice of Right to Sue to his complaint, but a letter that informed him of the Notice's enclosure. The court allowed the letter to be used in lieu of the Notice of Right to Sue to determine administrative compliance for the ninety-day limitation period, but not in any other capacity.

Plaintiff in this case attached the original Notice of Right to Sue (Conciliation Failure) to the Complaint. The Notice states the EEOC "could not obtain a settlement with the Respondent that would provide relief for you." In this case, Plaintiff relies upon the Notice of Right to Sue letter to (1) establish the timely filing of his Complaint and (2) lend credibility to his claim. He does not argue that the findings made by the EEOC are dispositive of his age discrimination claim. Furthermore, the designation of the Notice of Right to Sue as "Conciliation Failure" and the statement in the letter that the EEOC could not obtain a settlement with the Respondent is further support that the Defendant had adequate notice of the claim presented. Accordingly, the Court need not limit, at this stage of the litigation, the admissibility of Plaintiff's Notice of Right to Sue letter.

In conclusion, the Magistrate finds that Plaintiff's Complaint was timely filed, that his Complaint states a cognizable legal claim pursuant to FED. R. CIV. P. 8(a) and that the Notice of Right to Sue letter is

not dispositive of Plaintiff's age discrimination claims. Accordingly, the Magistrate recommends that Defendant's Motion to Dismiss be denied.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

**Notice**

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.