IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD A. SHERLOCK,

                Plaintiff,                Case No. 3:04 CV 7758

  -vs-

                                               MEMORANDUM   OPINIOIN

FIRSTENERGY CORPORATION,

                Defendant.

KATZ, J.

      Pending before the Court is the June 30, 2005 Report and Recommendation of the Magistrate Judge (Doc. No. 11) addressing the Defendant's motion to dismiss (Doc. No. 6).  Defendant filed an objection to the Report and Recommendation on July 8, 2005 (Doc. No. 12), and Plaintiff has not filed a response.  In accordance with *Hill v. Duriron Co*., 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a de novo determination of the Magistrate's findings to which the Plaintiff objects.

      The *pro se* Plaintiff filed an age-discrimination complaint on December 9, 2004 which read, in its entirety:

Violation of the Age Discrimination in Employment Act ["ADEA"] of 1967

On August 3, 1998 First Energy Corp. assigned me to a Traveling Maintenance Assistance position while allowing younger individuals with less company seniority to accrue seniority in higher paying jobs.  The Equal Employment Opportunity Commission

> found First Energy Corp. guilty of age discrimination but could not reach a settlement with them. Therefore I have been issued a Notice of Right to Sue by the E.E.O.C.
>
> I am seeking all back pay, travel allotments, contributions to 401k plan, contributions to retirement plan, and any other monetary loss that I have incurred since this incident took place.

Defendant filed a motion to dismiss (Doc. No. 6), to which Plaintiff filed an opposition, (Doc. No. 8), and Defendant filed a Reply (Doc. No. 9) and Additional Authority (Doc. No. 10). Magistrate Judge Armstrong found that the motion to dismiss should be denied because "Plaintiff's complaint is sufficient to provide Defendant with fair notice of Plaintiff's claim that he was discriminated against because of his age." (Doc. No. 11, p. 5). Defendant's sole objection to the Report and Recommendation is that Plaintiff must plead that he was replaced by a "significantly younger" employee, a pleading that is a required part of a prima facie case, and that his failure to do so is fatal to his complaint.

The Supreme Court, in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), interpreted the pleading standard that employment discrimination complaints under the ADEA must meet. In *Swierkiewicz,* as in the case today, the defendant filed a motion to dismiss because plaintiff's complaint did not allege specific facts establishing a prima facie case. 534 U.S. at 508-09. The Court stated that "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement," *Id.* at 510, and "[t]his Court has never indicated that the requirements for establishing a prima facie case . . . also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss," *Id.* at 511.

Instead, the standard the Court applies is the "liberal notice pleading of Rule 8(a) [which] is the starting point of a simplified pleading system . . . adopted to focus litigation on the merits of a claim." *Id*.

at 514. Rule 8(a) requires, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz*, 534 U.S. at 512, (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

The defendant, under this standard, still has options that will allow him to ascertain more facts about the allegations. Before he responds to the complaint, said the Supreme Court, he is free to file a motion for a more definite statement under Rule 12(e). *Swierkiewicz*, 534 U.S. at 514. Then, after a response is filed, the court relies on "liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* at 512. In the case at hand, the Plaintiff's complaint clearly states the law his claim is being brought under in the first line. He alleges various facts including the unit to which he was assigned and that younger employees were given better positions with better pay and a chance to gain seniority. The Complaint and the attached Right to Sue Letter, which references Plaintiff's EEOC charge by number, give the Defendant fair notice that Plaintiff claims the Defendant violated the ADEA and that the grounds for his claim are Defendant's assignment of younger workers to more favorable positions. The Complaint therefore meets the requirements of Rule 8(a). Under *Swierkiewicz*, Plaintiff is required to do no more. If discovery reveals that Plaintiff cannot establish a prima facie case, Defendant may assert such failure as a ground for summary judgement.

For the reasons stated above, this Court adopts the Report and Recommendation of the Magistrate Judge. Defendant's Motion to Dismiss (Doc. No. 6) is denied.

IT IS SO ORDERED.

s/ <i>David A. Katz</i><br>
DAVID A. KATZ<br>
SENIOR U. S. DISTRICT JUDGE

                                        s/ *David A. Katz*
                                    DAVID A. KATZ
                                    SENIOR U. S. DISTRICT JUDGE